UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JEFFREY ZHANG | CASE NO. 3:22-CV-05133 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| TRAVELERS PROPERTY CASUALTY CO. OF AMERICA | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are two motions: (1) a motion to dismiss for failure to state a claim and lack of jurisdiction [doc. #7], filed by Defendant Travelers Property Casualty Co. of America ("Travelers"); and (2) a motion to dismiss for failure to state a claim, or, alternatively, motion to strike Plaintiff 168 Blanchard Plaza LLC's amended complaint [doc. #13], filed by Travelers. For reasons assigned below, it is recommended that Travelers' motions be DENIED.

### Background

Plaintiff Jeffrey Zhang[1] filed this diversity action on August 27, 2022.[2] Zhang alleges that Defendant Travelers failed to pay damages under an insurance policy covering properties owned by his limited liability company, 168 Blanchard Plaza LLC (hereinafter, "Blanchard"). [doc. #1]. Blanchard is the only named insured on the insurance policy but was not a party to the original

---

[1] Plaintiff appears to interchangeably use "Zhang" and "Zheng." [docs. #1; #21]. Here, the Court uses "Zhang" to refer to Jianmiao Zheng, a/k/a Jeffrey Zhang, the original Plaintiff in this case.

[2] Zhang filed the case in the Lake Charles Division. [doc. #1]. The case was transferred to the Monroe Division on October 5, 2022.

complaint.³ Zhang later amended the complaint to substitute Blanchard as Plaintiff in response to Travelers' first motion to dismiss. Travelers subsequently filed its second motion to dismiss or, alternatively, strike Blanchard's amended complaint.

On December 12, 2022, Travelers filed its first motion to dismiss for failure to state a claim and lack of jurisdiction [doc. #7]. Therein, Travelers argues that Zhang is not a named insured under the policy at issue and, therefore, Travelers cannot be held liable if there is a judgment for damages arising from Zhang's claims. [doc. #7, p. 2–3].

On December 16, 2022, Zhang filed an amended complaint [doc. #10], in response to Travelers' motion to dismiss. Therein, Zhang substitutes Blanchard—the named insured—as Plaintiff. *Id.* at 1.

On December 29, 2022, Travelers filed a second motion to dismiss for failure to state a claim or, alternatively, strike Blanchard's amended complaint. [doc. #13]. Therein, Travelers argues that Zhang never had standing to file a complaint against Travelers, and, therefore, lacked standing to amend his complaint to substitute Blanchard as Plaintiff. [doc. #13-1, p. 2]. Thus, Travelers avers that the Amended Complaint is effectively an entirely new complaint asserted by a new Plaintiff. *Id.* And, as it was filed on December 16, 2022, it is barred by the policy's two-year prescriptive period, which expired on August 27, 2022. *Id.*

On January 3, 2023, Blanchard filed its opposition to Travelers' first motion to dismiss. [doc. #16]. Therein, Blanchard argues that Travelers' motion should be denied because "Plaintiff has corrected the name of the insured with zero prejudice to [Travelers]." [doc. #16, p. 5].

---

³ Plaintiff Zhang styled the case as "Jeffery Zhang d/b/a 168 Blanchard Plaza, LLC v. Travelers Property Casualty Company of America." [doc. #1, p. 1]. In the opening paragraph, he refers to Plaintiff as "Jeffery Zhang d/b/a 168 Blanchard Plaza, LLC." However, only "Jeffrey Zhang" is listed as a Plaintiff.

Blanchard argues that the Court should not dismiss its claims based on an honest clerical mistake. *Id.*

On January 9, 2023, Travelers filed its reply in support of its first motion to dismiss. [doc. #19]. Therein, Travelers reasserts its argument that Zhang lacked standing to file the complaint, and, therefore, lacked standing to amend it. *Id.*

On January 19, 2023, Blanchard filed its opposition to Travelers' second motion to dismiss. [doc. #21]. Therein, Blanchard concedes that Zhang made a mistake in the original complaint by naming himself as Plaintiff and argues that Blanchard is the real party in interest for asserting causes of action against Travelers. *Id.* at 3. As such, Zhang's amendment was proper under Federal Rule of Civil Procedure 17(a). *Id.* Blanchard also argues that amendment relates back to the date of the original filing such that its claims remain timely. *Id.*

On January 20, 2023, Blanchard filed a sur-reply in support of its opposition to Travelers' first motion to dismiss. [doc. #24].

On January 23, 2023, Travelers filed a sur-sur-reply in support of its first motion to dismiss. [doc. #26].

On January 27, 2023, Travelers filed a reply in support of its second motion to dismiss. [doc. #27]. Therein, Travelers reasserts its standing arguments and argues that Blanchard's claims have prescribed. *Id.*

Accordingly, this matter is ripe.

**Discussion**

I. *Standard of Review*

a. *12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 663. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 663. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

b. *12(f) Motion to Strike*

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. Aug. 28, 2002) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purpose of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868 (citing *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

Furthermore, when there is no showing of prejudicial harm, the court should not determine disputed and substantial questions of law upon a motion to strike. *Augustus,* 306 F.2d at 868.

II. *Standing*

Travelers argues that Zhang lacked standing to bring this action because he was not insured under the policy, and, consequently, lacked standing to amend the initial complaint to substitute Blanchard as Plaintiff. [doc. #13-1, p. 6].

Conversely, Blanchard argues that Travelers conflates Article III standing and prudential standing. [doc. #21, p. 3–4]. According to Blanchard, Zhang had Article III standing to file the suit but lacked prudential standing, which is curable under Federal Rule of Civil Procedure 17(a) by substituting the real party in interest. *Id.*

"Standing jurisprudence contains two strands: Article III standing, which enforced the Constitution's case-or-controversy requirement, and prudential standing, which embodies

6

judicially self-imposed limits on the exercise of federal jurisdiction." *Servicios Azucarerors de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 801 (5th Cir. 2012) (internal quotations omitted). Importantly, Article III standing "goes to the court's jurisdictional *power* to hear the case, while the prudential limitation goes to the court's administrative *discretion* to hear the case." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983). Thus, Article III standing is jurisdictional while prudential standing is not.

Article III standing requires a plaintiff to show: "(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013) (internal quotations omitted). "An injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, Zhang had Article III standing. In *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592 (5th Cir. 2016), plaintiffs sued the issuer of a flood insurance policy that their mortgage lender obtained on their home. The insurance company argued that the plaintiffs lacked Article III standing to bring the claim because they were not the named insured on the policy—the mortgage lender was. *Id.* at 593–94. The Fifth Circuit rejected this argument, holding that "[we] do not view the fact that [plaintiffs] were not a named insured in the policy covering property they owned as a defect that goes to Article III standing." *Id.* The court noted that plaintiffs owned the properties that the policy covered and would, "at least indirectly," benefit if the insurer was found liable. *Id.* Thus, the court determined that plaintiffs satisfied the Article III standing requirements. *See id.*

Here, too, Zhang stood to benefit "at least indirectly" if Travelers were found liable. Zhang and his wife are the sole members of Blanchard, a limited liability company which owns the insured properties. If Travelers paid under the policy to repair the damage to the properties, Zhang would undoubtedly benefit as the owner of Blanchard. *See Brown v. Am. Modern Home Ins. Co.*, Civ. No. 16-16289, 2017 WL 2290268, at *3 (E.D. La. May 25, 2017) (applying *Cotton*) ("[R]egardless of whether plaintiffs are additional or named insureds under [the insurance policies], they have Article III standing to state claims against insurers because they were allegedly harmed by underpayment of insurance proceeds and they would indirectly benefit from judgment against the insurers."). Therefore, Zhang had Article III standing to file the suit, and the Court had jurisdiction to hear it.[4]

Accordingly, the issue before the Court is whether Zhang had *prudential* standing to bring his suit, and, if not, whether his amendment to substitute Blanchard as Plaintiff cured any prudential standing deficiency. *See BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 447–48 (N.D. Tex. Sept. 8, 2015) (conducting a prudential standing analysis after determining the plaintiff had Article III standing). "Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government." *Superior MRI Servs. Inc. v. Alliance Healthcare Servs. Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). One prudential standing requirement is "that a plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011)) (internal quotation marks omitted). This prudential standing requirement is encompassed in Federal Rule of Civil Procedure

---

[4] The parties do not appear to contest that Zhang and Travelers were completely diverse and the value of Zhang's claim exceeded the jurisdictional amount.

17(a). *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 320 (5th Cir. 1999); *BCC Merch. Sols.*, 129 F. Supp. 3d at 450 (quoting *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC,* No. 3:12-cv-0149-D, 2013 WL 3834626, at *2 (N.D. Tex. July 25, 2013) ("The Rule 17(a) requirement is in essence a codification of the prudential standing requirement that a litigant cannot sue in federal court to enforce the rights of third parties.")).

Federal Rule of Civil Procedure 17(a) provides that "an action must be prosecuted in the name of the real party in interest." Rule 17(a) additionally requires that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

In this case, Blanchard admits that Zhang is not the real party in interest under Rule 17(a). [doc. #21, p. 4–5]. Travelers does not appear to disagree—throughout its many briefs, Travelers maintains that Zhang did not have standing to file this lawsuit, but never distinguishes between Article III standing and prudential standing.[5] Regardless, Zhang is clearly not the real party in interest here; Blanchard is the named insured on the policy, and, therefore, holds the legal rights thereto. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) ("A plaintiff has standing to sue under an insurance policy if the plaintiff is a named insured or an additional named insured, or if the plaintiff is an intended third-party beneficiary of the policy.") (citing *Joseph v. Hospital Serv. Dist. No. 2 of the Parish of St. Mary*, 939 So.2d 1206,

---

[5] As the Supreme Court has noted, courts are "not always . . . clear" as to which form of standing they are addressing. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Nonetheless, "the distinction is crucial," as Article III standing is jurisdictional, while prudential standing issues are discretionary and may be curable. *See Lewis*, 699 F.2d at 236; *see also BCC Merchants Sols.*, 129 F. Supp at 448.

1211 (La. 2006); La. Civ. Code Ann. Art. 1978). Therefore, as Zhang was not a named insured, additional insured, or intended third-party beneficiary under the policy, he was not the real party in interest under Rule 17(a), and, therefore, lacked prudential standing to file the original complaint.

Importantly, Rule 17(a) provides that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R. Civ. P. 17(a). Thus, where a party lacks prudential standing because it is not the real party in interest, it may substitute the real party in interest to cure its prudential standing deficiency.

"The district court has discretion [in determining] whether to allow substitution under Rule 17(a)." *Landmark Dividend LLC v. Smart City Media, LLC*, No. 3:21-cv-1289-B, 2022 WL 2718223, at *1 (N.D. Tex. Mar. 23, 2022) (internal citations omitted). "Most courts have interpreted [Rule 17(a)] as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing, *inter alia*, *South African Marine Corp. v. United States*, 640 F. Supp. 247, 254–55 (Ct. Int'l Trade June 6, 1986) ("Rule 17(a) should be used to prevent forfeiture and injustice where the determination as to who may sue is difficult."); *Lans v. Gateway 2000 Inc.*, 84 F. Supp. 2d 112, 120 (D.D.C. Nov. 23, 1999) ("[I]t is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake was otherwise understandable."); *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001)). "Generally,

10

a Rule 17(a) substitutions of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Landmark Dividend*, 2022 WL 2718223, at *1 (internal quotations omitted).

Here, Zhang properly amended his complaint to substitute Blanchard as the real party in interest. Blanchard argues that listing Zhang as Plaintiff in the original complaint was "a clerical error" and "honest mistake." [doc. #21, p. 7]. The undersigned agrees. In the original complaint, Zhang captioned the case as "Jeffrey Zhang d/b/a 168 Blanchard Plaza, LLC v. Travelers Property Casualty Company of America", and, in the introductory paragraph of the complaint, Zhang named the Plaintiff as "Jeffrey Zhang DBA 168 Blanchard Plaza, LLC." [doc. #1, p. 1]. It makes sense, then, that Zhang intended to list Blanchard as a Plaintiff and mistakenly failed to do so.[6] Furthermore, the substitution was merely formal; the original complaint placed Travelers on notice that Blanchard was involved in the action, and the substitution in no way alters the original complaint's factual allegations as to the events or participants. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-cv-2923-D, 2004 WL 6389547, at *3 (N.D. Tex. Nov. 23, 2004) (granting substitution under Rule 17(a)(3)).

Finally, injustice may result if Zhang were not allowed to substitute Blanchard. Travelers argues, and Blanchard agrees, that the claims may be time barred if the Court found substitution was improper and granted Travelers' motions to dismiss. In that scenario, Blanchard would be unable to refile its claims. This result would controvert Rule 17(a)'s purpose of protecting the "interests of justice" and "prevent[ing] forfeiture." *Wieburg*, 272 F.3d at 308 (quoting Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment). In *Wieburg*, the district court concluded that the plaintiff lacked standing to pursue discrimination claims and denied plaintiff's

---

[6] In the section of the complaint marked "Parties," only Zhang is listed as a Plaintiff. *Id.*

11

motion to substitute a trustee as the real party in interest. *Id.* at 305. Because the statute of limitations had expired on the claim, the real party in interest was precluded from asserting the discrimination claims in a subsequent action. *Id.* at 308–09. The Fifth Circuit reversed, holding that "under these circumstances, and in light of Rule 17(a)'s purpose of preventing forfeitures, we believe that it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee." *Id.* at 309. Accordingly, it is consistent with the purpose of Rule 17(a) and Fifth Circuit case law to allow Zhang to substitute Blanchard as the real party in interest, rather than dismiss the case.

Further, amendment was proper under Federal Rule of Civil Procedure 15(a). Rule 15(a) allows a party to amend its pleading once as a matter of course until 21 days after a responsive pleading or rule 12(b), (e), or (f) motion is served, or within 21 days if the party's earlier pleading required no response. Fed. R. Civ. P. 15(a); *McKinney v. Irving Ind. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002); *Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011). Travelers filed its first 12(b)(6) motion to dismiss on December 12, 2022. [doc. #7]. Zhang filed the amended complaint substituting Blanchard as Plaintiff four days later, on December 16, 2022. [doc. #10]. Accordingly, the first amended complaint was timely filed as a matter of course.

In sum, Zhang's standing deficiency was prudential, and not jurisdictional; accordingly, Zhang properly amended his complaint to substitute Blanchard as Plaintiff and cure the prudential standing deficiency.

Consequently, this case is distinguishable from those where courts denied leave to amend because of *jurisdictional* defects. *See Summit Office Park v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981); *see also Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986).

12

In *Summit*, indirect purchases of reinforced steel brought antitrust claims. *Cotton*, 831 F.3d at 595 (explaining *Summit*). The Fifth Circuit held that the plaintiff could not amend its complaint to substitute two direct purchasers as plaintiffs, explaining that an intervening Supreme Court decision held that indirect purchasers like plaintiffs had no constitutional standing to assert antitrust claims, and therefore, there was no proper party available to amend the complaint. *Id.*

Similarly, in *Aetna*, Plaintiff sought to amend to cure a *jurisdictional* deficiency—the original plaintiff and defendant were both citizens of Connecticut, and, therefore, there was no diversity jurisdiction when the case was filed. *Aetna*, 796 F.2d at 773–74. The court held that because the original plaintiff was not diverse from defendant, the original plaintiff did not have the ability to bring the suit in federal court in the first place and could not amend its complaint. *Id.* at 774.

Here, unlike *Summit* or *Aetna*,[7] there was no *jurisdictional* defect with the original complaint; as discussed above, Zhang had Article III standing, and diversity jurisdiction was proper. Therefore, Zhang was able to amend to substitute Blanchard as Plaintiff and cure the prudential standing deficiency. *See In re FEMA Trailer Fermaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2008 WL 4899455, at *2 (E.D. La. Nov. 12, 2008) ("This is not a situation where no plaintiff ever had standing to assert a claim against the defendants, and thus, did not have

---

[7] Travelers also cites *Heitman v. Sunbeam Prod., Inc.*, Civ. No. 14-2875, 2015 WL 5025445, at *1–2 (W.D. La. Aug. 19, 2015), where the district court applied *Summit* to conclude that the plaintiff lacked standing, and, therefore, could not amend its complaint to substitute a different plaintiff. *Heitman*, however, was decided before *Cotton*, which is binding Fifth Circuit precedent that controls in this case. *Cotton*, 831 F.3d at 593–94. Also, the court in *Heitman* did not distinguish between Article III and prudential standing, as is necessary here. *See Lewis*, 699 F.2d at 236; *see also BCC Merchants Sols.*, 129 F. Supp at 448.

standing to amend the complaint to substitute for a plaintiff with standing. Plaintiffs are, thus, not attempting to create jurisdiction where none existed.").

    *III.*    *Timeliness*

Under Rule 17(a)(3), once the real party in interest has been substituted, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3); *Wieburg*, 272 F.3d at 306; *see also Ratner v. Sioux Nat. Gas Corp.*, 770 F.2d 512, 520 (5th Cir. 1985) ("The plain language of [Rule 17(a)] clearly provides that when an action is brought by someone other than the real party in interest within the limitations period, and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred.") (internal quotations omitted). Thus, this action proceeds as if it was Blanchard, the real party in interest, that filed suit on August 27, 2022. Therefore, Blanchard's claims are timely[8] and Travelers' motions should be denied.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Travelers' motion to dismiss for failure to state a claim and lack of jurisdiction [doc. #7] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Travelers' motion to dismiss for failure to state a claim, or, alternatively, motion to strike Plaintiff 168 Blanchard Plaza LLC's ("Blanchard") amended complaint [doc. #13] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

---

[8] It appears uncontested that the policy required Blanchard to file suit within twenty-four months after the loss or damage occurred, meaning the prescriptive deadline was August 27, 2022. Zhang filed suit on August 27, 2022. [doc. #1]. Thus, the suit was timely filed.

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE